UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ARES JOSEPH RATTRAY, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:20-cv-00429-GZS |
| | ) | |
| ALLISON WILLETTE, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S COMPLAINT**

Plaintiff, an inmate at the Aroostook County Jail, alleges Defendants provided inadequate medical care for a foot condition. Defendants consist of Aroostook County and two medical providers at the jail.[1]

Plaintiff filed an application to proceed in forma pauperis (ECF No. 2), which application the Court granted. (ECF No. 3.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2).

Following a review of Plaintiff's complaint, I recommend the Court dismiss the complaint without prejudice.

**STANDARD OF REVIEW**

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing

---

[1] Plaintiff filed this action against the Aroostook County Jail. While the jail facility is not a proper defendant, the Court can reasonably construe the complaint to assert a claim against Aroostook County.

an action.  When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B).  "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints."  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom.  *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011).  A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim, *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

### DISCUSSION

Plaintiff alleges that in August 2020, he developed an ingrown toenail.  (Statement of Claim at 1, ECF No. 1-1.)  Defendant Oldfield, a doctor at the jail who examined Plaintiff, prescribed an ointment and ibuprofen for the pain. (*Id.*)  Plaintiff maintains that after following the plan for two weeks, his condition did not improve and there was swelling in his foot/toe. (*Id.*)  Defendant Oldfield then prescribed daily "salt soaks." (*Id.*)

Plaintiff asked to be taken to the hospital, but his request was denied. (*Id*.)  When the condition worsened, Defendant Oldfield prescribed antibiotics. (*Id*. at 2.) According to Plaintiff, on September 18, 2020, he reported to Defendant Willette, a nurse, in extreme pain and asked to see the doctor and for transportation to a hospital. (*Id*.)  Defendant Willette said she was unable to reach the doctor. (*Id*.) On September 20, 2020, Plaintiff sought medical care again.  Plaintiff maintains that Defendant Willette told him that he had not been compliant with treatment. (*Id*.) Plaintiff alleges that on "the same night the nurse" refused to help clean and bandage his foot. (*Id*.)  Plaintiff claims Defendants' conduct was negligent and constitutes cruel and unusual punishment. (Attachment to Complaint, ECF No. 1-2.)

## A.  Federal Claim

"Section 1983 provides a cause of action when an individual, acting under color of state law, deprives a person of constitutional rights." *Saldivar v. Racine*, 818 F.3d 14, 18 (1st Cir. 2016); see 42 U.S.C. §1983.  To prevail on such a claim, "a plaintiff must show that 'the challenged conduct [is] attributable to a person acting under color of state law' and that 'the conduct must have worked a denial of rights secured by the Constitution or by federal law.'"  *Freeman v. Town of Hudson*, 714 F.3d 29, 37 (1st Cir. 2013) (quoting *Soto v. Flores*, 103 F.3d 1056, 1061 (1st Cir. 1997)).

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII.  From this prohibition, "courts have derived the principles that govern the permissible conditions under which prisoners are held and that establish the medical treatment those prisoners must be afforded."  *Kosilek v. Spencer*, 774 F.3d 63, 82

(1st Cir. 2014) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). "The Eighth Amendment, applied to the states through the Fourteenth Amendment, protects incarcerated people from state corrections officials' 'deliberate indifference to serious medical needs.'" *Zingg v. Groblewski*, 907 F.3d 630, 634-35 (1st Cir. 2018) (quoting *Feeney v. Corr. Med. Servs.*, Inc., 464 F.3d 158, 161-62 (1st Cir. 2006); *see Perry v. Roy*, 782 F.3d 73, 78 (1st Cir. 2015). To allege "a claim of deliberate indifference based on inadequate or delayed medical care, 'a plaintiff must satisfy both a subjective and objective inquiry.'" *Perry*, 782 F.3d at 78 (quoting *Leavitt v. Corr. Med. Servs.*, 645 F.3d 484, 497 (1st Cir. 2011)).

First, to demonstrate a claim under the objective prong, a plaintiff "must show that []he has a serious medical need for which []he has received inadequate treatment." *Kosilek*, 774 F.3d at 85. For a medical condition to be objectively "serious," there must be "a sufficiently substantial 'risk of serious damage to [the inmate's] future health.'" *Farmer*, 511 U.S. at 843 (quoting *Helling v. McKinney*, 509 U.S. 25, 35 (1993)). This "requires that the need be 'one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Kosilek*, 774 F.3d at 82 (quoting *Gaudreault v. Municipality of Salem, Mass.*, 923 F.2d 203, 208 (1st Cir. 1990)). However, this "does not impose upon prison administrators a duty to provide care that is ideal, or of the prisoner's choosing." *Id.* (citations omitted). "Rather, the Constitution proscribes care that is 'so inadequate as to shock the conscience.'" *Id.* at 83 (quoting *Torraco v. Maloney*, 923 F.2d 231, 235 (1st Cir. 1991)).

4

Second, under the subjective prong, "a plaintiff must show 'that prison officials possessed a sufficiently culpable state of mind, namely one of deliberate indifference to an inmate's health or safety.'" *Perry*, 782 F.3d at 78 (quoting *Leavitt*, 645 F.3d at 497). Thus, "even if medical care is so inadequate as to satisfy the objective prong, the Eighth Amendment is not violated unless prison administrators also exhibit deliberate indifference to the prisoner's needs." *Kosilek*, 774 F.3d at 83. "For purposes of this subjective prong, deliberate indifference 'defines a narrow band of conduct,' and requires evidence that the failure in treatment was purposeful." *Id.* (citation omitted) (quoting *Feeney*, 464 F.3d at 162); *see Perry*, 782 F.3d at 79 (stating that deliberate indifference "requires evidence that the absence or inadequacy of treatment is intentional"). A constitutional claim may arise when "the treatment provided [was] so inadequate as 'to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind.'" *Leavitt*, 645 F.3d at 497 (quoting *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)). However, "when a plaintiff's allegations simply reflect a disagreement on the appropriate course of treatment, such a dispute with an exercise of professional judgment may present a colorable claim of negligence, but it falls short of alleging a constitutional violation." *Feeney*, 464 F.3d at 162 (alterations and quotation marks omitted). Moreover, "[p]rison officials 'who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted.'" *Giroux v. Somerset County*, 178 F.3d 28, 33 (1st Cir. 1999) (quoting *Farmer*, 511 U.S. 825 at 844); *see Burrell v. Hampshire Cnty.*, 307 F.3d 1, 8 (1st Cir. 2002) (recognizing that the focus

of the deliberate indifference analysis "is on what the jailers knew and what they did in response").

Here, Plaintiff has not alleged enough facts to support a deliberate indifference claim.  Plaintiff acknowledges that he received different several treatments during in August and September 2020, but he alleges that the medical providers chose a more conservative course of treatment rather than transportation to the hospital for alternative treatment as he desired. Plaintiff's allegations reflect and are consistent with a reasonable "disagreement on the appropriate course of treatment" and "an exercise of professional judgment" that precludes a deliberate indifference claim.  *Feeney*, 464 F.3d at 162.

Furthermore, Plaintiff has not alleged facts that would support a finding that Defendants purposefully or intentionally provided substandard care in the treatment of Plaintiff's foot.  In other words, Plaintiff has failed to allege that Defendants possessed a "sufficiently culpable state of mind," to support a deliberate indifference claim regarding the treatment of Plaintiff's foot.[2]  *Perry*, 782 F.3d at 78 (quoting *Leavitt*, 645 F.3d at 497). Because Plaintiff has not asserted an actionable claim against the individual medical providers, he cannot maintain an action against the county based on the providers' conduct.

---

[2] Plaintiff's alleges that on September 20, 2020, Defendant Willette commented that "14 people told me that you were complaining about your medical treatment so show me what your running your mouth about." (Statement of Claim at 2.)  The comment might be construed as some skepticism about the severity of the condition and Plaintiff's diligence in following the providers' course of treatment, but even with all reasonable inferences in Plaintiff's favor, the comment would not support a finding that Defendant Willette had a "sufficiently culpable state of mind."

**B.**     **State Law Claim**

Plaintiff's negligence claim is based on state law. Because dismissal of the federal claims is warranted, the Court should not exercise supplemental jurisdiction over the state law claims under the circumstances.  *See Rodriguez v. Doral Mortg. Corp.*, 57 F.3d 1168, 1177 (1st Cir. 1995) ("As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims").

CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915, I recommend the Court dismiss Plaintiff's complaint without prejudice to Plaintiff's ability to assert a negligence claim in state court.

**NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 4th day of February, 2021.